

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 17, 1949

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-906.

Re: Assignability of a credit in
taxes paid on oil from tank
bottoms under Article 7057a,
V.C.S.

Dear Sir:

Your letter request in reference to the above captioned
matter reads in part as follows:

"During the period from July, 1942, to Decem-
ber, 1946, Petrolite Corporation, Ltd. was producers
(sic) of oil in the East Texas fields, and their source
of production consisted of oil obtained from tank bot-
toms. During this period they paid into the State
$9,407.51. On February 5, 1947, the Comptroller
notified Petrolite Corporation of the Stack Case (199
S.W.2d 701) and advised such corporation that they
were due no more tax as the producer on oil obtained
from tank bottoms.

"Petrolite Corporation filed no report of produc-
ing oil from any other source in Texas. Section 13 of
Article 7057a, provides:

'(13). When it shall appear that a taxpayer to
whom the provisions of this Act shall apply has
erroneously paid more taxes than were due dur-
ing any tax paying period either on the account
of a mistake of fact or law, it shall be the duty
of the State Comptroller to credit the total a-
mount of taxes due by such taxpayer for the cur-
rent period with the total amount of taxes so er-
roneously paid.'

Petrolite Corporation has been unable to take credit
for the $9,407.51 paid on tank bottoms because it is not
at the present time a producer of oil.

"Petrolite Corporation has by an assignment, as-
signed the credit due it to Rock Hill Company of San
Antonio, Texas, which company is a regular producer
and would be authorized to a credit, should such com-
pany make erroneous tax payments. This Department
is now confronted with the question as to whether we
are authorized to allow Rock Hill Company to take
credit on its current tax payments with the amount due
Petrolite Corporation properly assigned to it.

"I shall thank you to advise this Department
whether we are authorized to permit Rock Hill Oil
Company, a producer, to take credit on its current tax
payment of $9,407.51, which amount has been assigned
to it by Petrolite Corporation, Ltd."

Subsection 13 of Section 1, Article 7057a, V.C.S., pro-
vides:

"(13). When it shall appear that a taxpayer to
whom the provisions of this Act shall apply has erro-
neously paid more taxes than were due during any tax
paying period either on the account of a mistake of
fact or law, it shall be the duty of the State Comptroller
to credit the total amount of taxes due by such taxpayer
for the current period with the total amount of taxes
so erroneously paid."

The Comptroller of Public Accounts has only those pow-
ers which have been expressly delegated to him by the Legislature,
and those implied powers which are necessary for him to carry out
the powers expressly given.

You will note that subsection 13 above quoted authorizes
the State Comptroller to credit the total amount of taxes due by the
taxpayer for the current period with the total amount of taxes erro-
neously paid and in no wise provides that the Comptroller has the
power or authority to give this credit to anyone else.

You further ask in your opinion request whether the
credit might be allowed the Rock Hill Company on the theory that
the Rock Hill Company and the Petrolite Corporation, Ltd. are one
and the same corporation in that the stock ownership and the gov-
erning officers of the two corporations are sufficiently related so
that the two corporations could be considered one and the same. It
appears from the file submitted to us that the Petrolite Corpora-
tion and the Rock Hill Oil Company are two separate and distinct
corporations. They are two separate legal entities. These corpo-
rations evidently recognize the fact that they are not one and the
same or they would not have made the assignment in question.

You are, therefore, advised that the State Comptroller does not have the authority to credit the Rock Hill Company with taxes erroneously paid by the Petrolite Corporation, Ltd. However, the Petrolite Corporation is not without a remedy, if in fact the taxes erroneously paid were not a voluntary payment but were paid under duress as set out in your request. It can file its claim for a refund with the next Legislature, which will have the authority under our Constitution and laws to make an appropriation in the amount so erroneously overpaid.

## SUMMARY

The State Comptroller does not have the authority to credit the Rock Hill Oil Company with oil production (tankbottom) taxes erroneously paid by the Petrolite Corporation, Ltd., on an assignment of the credit due the Petrolite Corporation, Ltd. The Comptroller may credit only the taxpayer who made the overpayment, and not his assignee. Art. 7057a, Sec. 1, subsec. 13, V.C.S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

W. V. Geppert
Assistant

WVG/mwb

APPROVED

Price Daniel
ATTORNEY GENERAL